STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-254
JON - YOR - 6/10 2013

FIA CARD SERVICES, NATIONAL    )
ASSOCIATION,                    )
                                )
            Plaintiffs,         )
      v.                        )          ORDER
                                )
ALICIA F. SHORTHILL,            )
                                )
            Defendant.          )

I.    Background

Plaintiff has brought this case seeking a judgment against Defendant for

$19,541.30, plus interests, costs, and fees due to breach of a credit card agreement.

Defendant challenges both the amount of the debt and Plaintiff's claim to the debt.

II.    Standard of Review

Summary Judgment is appropriate where no genuine issue of material fact exists

and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*,

989 A. 2d 733, 738 (Me. 2010); *Dyer v. Department of Transportation*, 951 A.2d 821,

825 (Me. 2008). When reviewing a motion for summary judgment, the Court reviews the

parties' statements of material facts and the cited record evidence in the light most

favorable to the non-moving party. *Id.*

A genuine issue of material fact exists where the fact finder must make a

determination between differing versions of the truth. *Reliance National Indemnity v.*

*Knowles Industrial Services Corp.*, 2005 ME 29, ¶7, 868 A.2d 220, 224, citing *Univ. of*

1

*Me. Found. V. Fleet Bank of Me.*, 2003 ME 20, ¶20, 817 A.2d 871, 877. Furthermore, "a fact is material if it could potentially affect the outcome of the case." *Id.*

III.   Discussion

Plaintiff has moved the Court for Summary Judgment on this action seeking to collect on its Agreement. According to Maine Rule of Civil Procedure 56(e), each party may submit affidavits based upon personal knowledge when moving for or submitting an opposition to summary judgment. Me. R. Civ. P. 56(e). "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.*

Plaintiff offers proof of ownership of the debt it wishes to collect upon by affidavit of Eric Pyle, a Custodian of the Records and authorized officer of FIA Card Services. (Pyle Aff. ¶ 1). Mr. Pyle cites to "[t]he books and records of FIA" as authority for the name changes and mergers that the bank has gone through beginning in 1991. (Pyle Aff. ¶ 3).There are no documents attached to verify Mr. Pyle's contentions. Furthermore, Mr. Pyle's affidavit refers "books and records of FIA" as showing that the Defendant opened an account with Plaintiff, or one of its predecessors in interest. (Pyle Aff. ¶ 4). Mr. Pyle further asserts that Ms. Shorthill applied for credit with Plaintiff in 2005 and credit was extended. (Pyle Aff. ¶¶ 5, 6). The credit statements from 2005 through 2009 are attached. Ms. Shorthill's balance according to the earliest statement provided to the Court is $28,980.63. (Pyle Aff. Ex. C). There is no explanation or further documentation of how Defendant allegedly accrued such a balance or how Plaintiff came to hold it. As such, there remain genuine issues of material fact concerning Plaintiff's

2

ownership of the debt and the true amount of the debt. Plaintiff's Motion for Summary Judgment is Denied.

IV.  Conclusion

Plaintiff's Motion for Summary Judgment is Denied.

DATE:  6/18/13

John O'Neil, Jr.
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
RANDALL L PRATT
LAW OFFICE OF RANDALL L PRATT
1 CATE STREEET SUITE 201
PORTSMOUTH NH  03801


ATTORNEY FOR DEFENDANT:
MARK A KEARNS
LAW OFFICE OF MARK KEARNS
PO BOX 17915
PORTLAND ME  04112


ATTORNEY FOR DEFENDANT:
MARK RANDALL
RANDALL LAW OFFICE PA
PO BOX 17915
PORTLAND ME  04112